The opinion of the court was delivered by
Watkins, J.
Relator’s complaint is that he was sued as defendant in the cause entitled Hamilton & Brooks vs. J. S. Liggins, on the docket of the respondent’s court, for damages alleged to have been suffered by plaintiff by reason of his having made them lose a debt due them by one Arthur Kelly.
He avers that the petitioner’s allegation was that Kelly had traded with them during 1892 to the amount of ninety-two dollars and seventeen cents, and delivered to them two bales of cotton on account, *1023 and that the evidence on the trial showed that the cotton was worth sixty-eight dollars and ninety-five cents, leaving the balance of twenty-three dollars and twenty-two cents as the actual measure of damages due. But he further avers that in order to give the court jurisdiction, the plaintiffs averred that he, as defendant, had caused them damage to the extent of one hundred and four dollars in the manner stated above; and that on the trial he objected to the introduction of any testimony, on the ground that the court had no jurisdiction, but the objection was overruled and the testimony admitted.
That on the trial jadgment was rendered against him for the sum of seventy-seven dollars, from which he prosecuted an appeal to the Court of Appeals; and his appeal was dismissed.
That for these reasons he is compelled to apply to this court for relief from a judgment that is illegal, because of it having been rendered by a court without jurisdiction ratione materiee.
The respondent returns that, in compliance with the order of this court, he has annexed thereto a certified transcript of the cause relator refers to as depending in his court, and he affirms that his said court had full and complete jurisdiction thereof, because the allega - gation of the plaintiffs’ petition is that they had sold Kelly goods “to the amount of ninety-nine dollars and seventeen cents and more,” on which indebtedness the price of two bales of cotton had been paid and credited. He avers that thereupon the plaintiffs lay the amount of their damages at the sum of one hundred and four dollars and nineteen cents, and the further sum of twenty-five dollars as attorney’s fees, and for these two amounts they prayed for judgment against the relator as defendant. He further avers that the relator appeared and filed an answer, unaccompanied by any plea, to the jurisdiction of the court; but when the plaintiffs offered evidence on the trial, he interposed an objection to that effect, “ on the ground that he was not domiciled in the parish when the suit was brought.”
He further avers that the evidence adduced on the trial disclosed that, notwithstanding Kelly had paid to the plaintiffs the proceeds of two bales of cotton on his account, he still owed them ninety-nine dollars and seventeen cents at the time he absconded, and this sum, with the interest added, made the sum of one hundred and four dollars and twelve cents, for which the plaintiffs sued and demanded judgment, and attorney’s fees in addition.
*1024 Looking into the petition of Hamilton & Brooks against the relator, we find the allegations thereof conform to the statement of the respondent’s return exactly as to the amount demanded, being ninety-nine dollars and seventeen cents and more,” for which the suit was intended to make him responsible, and for which the plaintiffs demanded judgment.
That record shows that, in the first instance, judgment was rendered in favor of the relator, as the defendant, but on the plaintiffs’ application a new trial was granted; and, upon a second trial, judgment was rendered in favor of the plaintiffs, in the sum of seventy-seven dollars and twenty seven cents, from which decree the relator, as defendant, unsuccessfully prosecuted an appeal to the Circuit Court.
From the record and the respondent’s return, it substantially appears that the plaintiffs’ allegation, to the effect that Kelly had dealt with them “ to the amount of ninety-nine dollars and seventeen cents and more,” was by the relator, as . defendant, as well as his counsel, taken' to be the full amount of Kelly’s original account, which the credit of the proceeds of the two bales of cotton reduced to a sum less than fifty dollars, the lower limit of the original' jurisdiction of the District Court. Const., Art. 109.
But such was not the case, as, in point of fact, the total amount of Kelly’s account with Hamilton & Brooks was one hundred and sixty-eight dollars and twelve cents, and when the sum of sixty-eight dollars and ninety-five cents, the proceeds of two bales of cotton, were applied thereto as a credit, the net balance of ninety-nine dollars and seventeen cents was produced.
It was proper for the District Judge to hear and consider evidence on (he question, and to base his judgment thereon, as evidently he did.
For, on the face of the petition, Hamilton & Brooks demanded of the relator, as defendant, a judgment for a sum in excess of one hundred dollars, and relator’s reliance was evidently upon proof to exhibit an inflation of plaintiffs’ demands, for the purpose of maintaining the original jurisdiction of the District Court ratione materise.
His effort in this respect was unavailing in the District Court, and, possibly, he lost his appeal in the Circuit Court on account of the evidence not having been reduced to writing and incorporated in the record for the examination of the judges of the Court of Appeals.
*1025 Whilst not sanctioning resort to certiorari as affording proper relief, we are clearly of opinion that the proceedings of the respondent have been perfectly regular, and that no badge of nullity appears in them; hence we are bound to dissolve the restraining order and give judgment against the relator.
It is therefore ordered and decreed that the preliminary restraining order be dissolved, and that the relator be taxed with the cost.